**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOONBEAM CAPITAL INVESTMENTS LLC, a Nevada limited liability company, and STEVEN V. MAKSIN, an individual, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| PITTSBURGH COMMUNITY BROADCASTING CORPORATION, a Pennsylvania corporation, and PG PUBLISHING COMPANY d/b/a PITTSBURGH POST-GAZETTE, a Pennsylvania corporation, NEENA HAGEN, an individual, MICHAEL KORSH, an individual, and PITTSBURGH UNION PROGRESS, a Pennsylvania nonprofit corporation, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No.: 2:24-cv-01700-CCW
Hon. Christy Criswell Wiegand

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes Defendant PG Publishing Company d/b/a Pittsburgh Post Gazette, Neena Hagen, and Michael Korsh (collectively PG Publishing Defendants), by and through their undersigned counsel and files this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("SAC") and avers the following in support:

### Response to Introduction

1.      The allegations set forth in Paragraph 1 of the SAC contain multiple legal conclusions, which the PG Publishing Defendants deny in full. To the extent Paragraph 1 is construed as containing averments of facts, PG Publishing Defendants specifically deny recklessly publishing any statement, that any statement published was defamatory, and that any of the PG Publishing Defendants had any intent to injure the Plaintiffs. PG Publishing Defendants admit that no apology or retraction had been issued at the time the Complaint was filed; Plaintiffs never sent

1

any request for apology or retraction related to any statement published by the PG Publishing Defendants until after the Complaint was filed. Furthermore, to the extent Paragraph 1 references writings, the PG Publishing Defendants deny Plaintiffs' characterization of those writings, which speak for themselves. The PG Publishing Defendants deny that the conduct alleged constitutes Defamation *Per Se* and further deny that the alleged conduct placed Mr. Maksin in a false light. As to allegations of collapses of business transactions and alleged values of those transactions, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

## **Response to Parties**

2.      The allegations set forth in Paragraph 2 of the SAC are admitted in part and denied in part.  It is admitted that Moonbeam is a Nevada limited liability LLC.  After reasonable investigation, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those remaining allegations, which are, therefore, denied.

3.      As to allegations set forth in Paragraph 3 of the SAC regarding Mr. Maksin's primary residence, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

4.      The allegations set forth in Paragraph 4 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

5.      The allegations set forth in Paragraph 5 of the SAC are admitted.

6.      The allegations set forth in Paragraph 6 of the SAC are admitted to the extent that Ms. Hagen was employed by PG Publishing as a reporter and conducted business in Pittsburgh,

2

Pennsylvania. It is also admitted that Ms. Hagen is currently a citizen of Massachusetts. The remainder of Paragraph 6 fails to specify what time periods are "relevant," so the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those averments, which are, therefore, denied. By way of further response, Ms. Hagen is no longer employed by PG Publishing.

7.    The allegations set forth in Paragraph 7 of the SAC are admitted in part and denied in part. It is admitted that Mr. Korsh is a citizen of Arizona. The remaining allegations are denied as stated in that Mr. Korsh was previously employed by PG Publishing as a reporter and conducted business in Pittsburgh, Pennsylvania, but is no longer employed by PG Publishing.

8.    The allegations set forth in Paragraph 8 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those averments, which are, therefore, denied.

## Response to Jurisdiction and Venue

9.    The allegations set forth in Paragraph 9 of the SAC constitute conclusions of law to which no response is required. To the extent that a response is required, the PG Publishing Defendants deny those allegations and demand strict proof of the same.

10.    The allegations set forth in Paragraph 10 of the SAC constitute conclusions of law to which no response is required. To the extent that a response is required, the PG Publishing Defendants deny those allegations and demand strict proof of the same.

## Response to Background Facts

11.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the SAC, which are, therefore, denied.

12.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the SAC, which are, therefore, denied.

13.     The allegations set forth in Paragraph 13 of Plaintiffs' SAC are admitted in part and denied in part.  It is admitted that Century III Mall PA LLC purchased the property known as Century III Mall on or about May 13, 2013. As to the allegation that Moonbeam Equities X, LLC was the sole member of Century III Mall PA LLC, PG Publishing lacks knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.  By way of further response, as of January 10, 2024, Moonbeam Equities X, LLC was a Neveda Limited Liability Company whose registered agent was Plaintiff Steven Maksin and Moonbeam Capital Investments was identified as a managing member of Moonbeam Equities X, LLC.

14.     The allegations set forth in Paragraph 14 of the SAC are admitted.

15.     The allegations set forth in Paragraph 15 of the SAC are admitted in part and denied in part. Based upon bankruptcy filings, it appears that the membership interests in Century III Mall PA LLC were transferred as alleged.  The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations relating to the identity of the sellers and purchasers, the characterizations of ownership, the characterization that those entities are "unrelated," and who or what owned interests in those entities at any time and, therefore, those allegations are denied and strict proof is demanded.

16.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the SAC and, therefore, those allegations are denied.

17.     The allegations set forth in Paragraph 17 of the' SAC are admitted.

18.     The allegations set forth in Paragraph 18 of the SAC are admitted.

19.     The allegations set forth in Paragraph 19 of the SAC are denied as stated.  The combined average of the PG circulation is over 83,000 with approximately Eight Million monthly average page views on post-gazette.com.

20.     The allegations set forth in Paragraph 20 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

21.     The allegations set forth in Paragraph 21 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

22.     The allegations set forth in Paragraph 22 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

23.     The allegations set forth in Paragraph 23 of the SAC are denied.

24.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the SAC and, therefore, those

allegations are denied. By way of further response, PG Publishing Co. denies any control or responsibility for any statement published by the Pittsburgh Union Progress and denies any collaboration or communication regarding any statements published by the Pittsburgh Union Progress.

25.    The allegations set forth in Paragraph 25 of the SAC are denied as stated. The SPJ is a voluntary membership industry group for journalists and neither journalists in general nor the PG Publishing Defendants in particular are or were required to be members. With respect to the SPJ's Code of Ethics referenced in Paragraph 25 of the SAC, the PG Publishing Defendants are without knowledge or information sufficient to form a belief about the Code of Ethics, how it was created, what effect, if any, it has, and to whom, if anyone, it applies. The Code of Ethics (Exhibit 1 to the SAC) is a writing that speaks for itself and the PG Publishing Defendants deny any characterization of it or any suggestion or insinuation that it governs the conduct of the PG Publishing Defendants. By way of further response, the United States Constitution bars any effort to apply any such code or standards to establish liability.

26.    The allegations set forth in Paragraph 26 of the SAC are denied. None of the PG Publishing Defendants are members of the SPJ. The SPJ is a voluntary membership industry group for journalists and neither journalists in general nor the PG Publishing Defendants in particular are or were required to be members. With respect to the SPJ's Code of Ethics referenced in Paragraph 25 of the SAC, the PG Publishing Defendants are without knowledge or information sufficient to form a belief about the Code of Ethics, how it was created, what effect, if any, it has, and to whom, if anyone, it applies. The Code of Ethics (Exhibit 1 to the SAC) is a writing that speaks for itself and the PG Publishing Defendants deny any characterization of it or any suggestion or insinuation

that it governs the conduct of the PG Publishing Defendants. By way of further response, the United States Constitution bars any effort to apply any such code or standards to establish liability.

27. The allegations set forth in Paragraph 27 of the SAC are denied. None of the PG Publishing Defendants are members of the SPJ. The SPJ is a voluntary membership industry group for journalists and neither journalists in general nor the PG Publishing Defendants in particular are or were required to be members. With respect to the SPJ's Code of Ethics referenced in Paragraph 25 of the SAC, the PG Publishing Defendants are without knowledge or information sufficient to form a belief about the Code of Ethics, how it was created, what effect, if any, it has, and to whom, if anyone, it applies. The Code of Ethics (Exhibit 1 to the SAC) is a writing that speaks for itself and the PG Publishing Defendants deny any characterization of it or any suggestion or insinuation that it governs the conduct of the PG Publishing Defendants. By way of further response, the United States Constitution bars any effort to apply any such code or standards to establish liability.

28. The allegations set forth in Paragraph 28 of the SAC are denied. None of the PG Publishing Defendants are members of the SPJ. The SPJ is a voluntary membership industry group for journalists and neither journalists in general nor the PG Publishing Defendants in particular are or were required to be members. With respect to the SPJ's Code of Ethics referenced in Paragraph 25 of the SAC, the PG Publishing Defendants are without knowledge or information sufficient to form a belief about the Code of Ethics, how it was created, what effect, if any, it has, and to whom, if anyone, it applies. The Code of Ethics (Exhibit 1 to the SAC) is a writing that speaks for itself and the PG Publishing Defendants deny any characterization of it or any suggestion or insinuation that it governs the conduct of the PG Publishing Defendants. By way of further response, the United States Constitution bars any effort to apply any such code or standards to establish liability.

29.     The allegations set forth in Paragraph 29 of the SAC are denied as they relate to the PG Publishing Defendants.  The PG Publishing Defendants are without knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 29 of the SAC as they relate to other Defendants in this action and, therefore, those allegations are denied.

30.     The allegations set forth in Paragraph 30 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

31.     The allegations set forth in Paragraph 31 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

32.     The allegations set forth in Paragraph 32 of the SAC are denied as stated, however it is admitted that MCI had never been the record owner of the mall.  The phrase "related entity" is unclear and, therefore, the allegation that no "related entity" owned the Mall is denied.  By way of further response, upon information and belief Beacon Commercial Limited ("Beacon") and Bizmax Investments Limited ("Bizmax") own Century III Mall PA LLC. Moonbeam Leasing & Management LLC, a subsidiary of MCI, is the registered agent listed for Beacon and Bizmax in Nevada corporate filings. Those Nevada corporate filings also identified Plaintiff Maksin as an individual with authority to act on behalf of both Beacon and Bizmax.

33.     The allegations set forth in Paragraph 33 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the

PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

34.     It is admitted that Korsh sent the letter referenced in Paragraph 34 of the SAC, which is a writing and speaks for itself and Plaintiffs' characterizations of the same are denied.  It is denied that Hagen sent the referenced letter.

35.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the SAC and, therefore, those allegations are denied.

36.     It is admitted that Hagen received the email referenced in Paragraph 36 of the SAC, which is attached as Exhibit 5 to the SAC.  It is denied that Korsh received the email.  The email attached as Exhibit 5 to the SAC is a writing which speaks for itself and Plaintiffs' characterizations of the same are denied.

37.     It is admitted that Hagen and Korsh received the email referenced in Paragraph 37 of the SAC, which is attached as Exhibit 6 to the SAC.  Exhibit 6 to the SAC is a writing which speaks for itself and Plaintiffs' characterizations of the same are denied.

38.     It is admitted that Hagen and Korsh received the letter referenced in Paragraph 38 of the SAC, which is attached as Exhibit 7 to the SAC.  Exhibit 7 to the SAC is a writing which speaks for itself and Plaintiffs' characterizations of the same are denied.

39.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the SAC and, therefore, those allegations are denied.

40.     The allegations set forth in Paragraph 40 of the SAC are denied.

41.    It is admitted that Hagen and Korsh received the letter referenced in Paragraph 41 of the SAC, which is attached as Exhibit 9 to the SAC.  The letter attached as Exhibit 9 to the SAC is a writing which speaks for itself and Plaintiffs' characterizations of the same are denied.

42.    The allegations set forth in Paragraph 42 of Plaintiffs' SAC are denied.

43.    The allegations set forth in Paragraph 43 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

44.    The allegations set forth in Paragraph 44 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

45.    The allegations set forth in Paragraph 45 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

46.    The allegations set forth in Paragraph 46 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.  By way of further response, the allegations appear to reference a writing, which speaks for itself and Plaintiffs' characterizations of the same are denied.

47.     The allegations set forth in Paragraph 47 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

48.     The allegations set forth in Paragraph 48 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

49.     The allegations set forth in Paragraph 49 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

50.     The allegations set forth in Paragraph 50 of the SAC are denied as to the factual claim that the PG Publishing Defendants ignored the letters identified as Exhibits 7 & 9, the remainder of the allegations set forth in Paragraph 50 constitute legal conclusions and, accordingly, are denied.

51.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, including Plaintiffs' opinions of their business, set forth in Paragraph 51 of the SAC and, therefore, those allegations are denied.

52.     Paragraph 52 of the SAC refers to a writing that speaks for itself.  Plaintiffs' characterizations of the writing are denied.

53.     Paragraph 53 of the SAC refers to a writing that speaks for itself.  Plaintiffs' characterizations of the writing and commentaries are denied.

54. Paragraph 54 of the SAC refers to a writing that speaks for itself. Plaintiffs' characterizations of the writing and commentaries are denied.

55. Paragraph 55 of the SAC refers to a writing that speaks for itself. Plaintiffs' characterizations of the writing and commentaries are denied.

56. Paragraph 56 of the SAC refers to a writing that speaks for itself. Plaintiffs' characterizations of the writing and commentaries are denied.

57. The term "MCI Group" is vague and the definition in Paragraph 11 of the SAC omits a list of entities included within the term, therefore, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, including Plaintiffs' opinions of their business set forth in Paragraph 57 of the SAC and, therefore, those allegations are denied.

58. The term "MCI Group" is vague and the definition in Paragraph 11 of the SAC omits a list of entities included within the term, therefore, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, including Plaintiffs' opinions of their business set forth in Paragraph 58 of the SAC and, therefore, those allegations are denied. The remainder of Paragraph 58 of the SAC contains legal conclusions, all of which are denied.

59. The allegations set forth in Paragraph 59 of the SAC are legal conclusions and Plaintiffs' opinions and, accordingly, are denied.

60. It is admitted that the article referenced in Paragraph 60 of the SAC was published on June 20, 2024 by Korsh and Hagen. The article is a writing that speaks for itself. Plaintiffs' characterization and commentary of said writing is denied.

61.     The allegations set forth in Paragraph 61 reference a writing, which speaks for itself. Plaintiffs' characterization of and alterations to that writing are denied. The remainder of the allegations in Paragraph 62 of the SAC are legal conclusions and, accordingly, are denied.

62.     The allegations contained in Paragraph 62 of the SAC are legal conclusions and, accordingly, are denied.

63.     The allegations contained in Paragraph 63 of the SAC are denied.

64.     The allegations contained in Paragraph 64 of the SAC are legal conclusions and, accordingly, are denied.

65.     The allegations contained in Paragraph 65 of the SAC are legal conclusions and, accordingly, are denied.

66.     The allegations contained in Paragraph 66 of the SAC are legal conclusions and, accordingly, are denied.

67.     Article 1 as referenced in Paragraph 67 of the SAC is a writing which speaks for itself. Plaintiffs' characterization of that writing is denied. The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 67 of the SAC and, therefore, those allegations are denied.

68.     The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68 of the SAC and, therefore, those allegations are denied.

69.     The allegations contained in Paragraph 69 of the SAC are legal conclusions and, accordingly, are denied.

70.     The allegations contained in Paragraph 70 of the SAC are legal conclusions and, accordingly, are denied.

71.     The allegations contained in Paragraph 71 of the SAC are legal conclusions and, accordingly, are denied.

72.     The allegations contained in Paragraph 72 of the SAC are legal conclusions and, accordingly, are denied.

73.     The PG Publishing Defendants admit that the article referenced in Paragraph 73 of the SAC was published on January 30, 2024. The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiffs' knowledge, so those allegations are denied. The remainder of the allegations reference a writing which speaks for itself and Plaintiffs' characterizations thereof are denied.

74.     The allegations contained in Paragraph 74 of the SAC are legal conclusions and, accordingly, are denied.

75.     The allegations contained in Paragraph 75 of the SAC reference writings that speak for themselves, and Plaintiffs' characterizations of those writings are denied. As to the remainder of the allegations in Paragraph 75 of the SAC, The PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

76.     The allegations set forth in Paragraph 76 of the SAC are admitted in part and denied in part.  It is admitted that Exhibit 23 to the SAC is an accurate copy of the referenced Tweets. The Tweets are writings that speak for themselves, and Plaintiffs' characterization of the Tweets is denied.

77.     The allegations contained in Paragraph 77 of the Plaintiffs' SAC are legal conclusions and, accordingly, are denied.

78.     The allegations contained in Paragraph 78 of the Plaintiffs' SAC are legal conclusions and, accordingly, are denied.

79.     The allegations set forth in Paragraph 79 of the SAC are admitted in part and denied in part.  It is admitted that the referenced correspondence was sent to Hagen.  The remaining allegations of Paragraph 79 of the SAC are denied.

80.     The allegations contained in Paragraph 80 of the SAC are denied.

81.     The allegations set forth in Paragraph 81 of the SAC are admitted in part and denied in part.  It is admitted that Exhibit 25 to the SAC is an accurate copy of the referenced Tweets. The Tweets are writings that speak for themselves, and Plaintiffs' characterization of the Tweets is denied.

82.     The allegations contained in Paragraph 82 of the SAC are legal conclusions and, accordingly, are denied.

83.     The allegations contained in Paragraph 83 of the SAC are legal conclusions and, accordingly, are denied.

84.     The allegations set forth in Paragraph 84 of the SAC are admitted in part and denied in part.  It is admitted that the referenced correspondence was sent to Korsh.  The remaining allegations of Paragraph 84 of the SAC are denied.

85.     The allegations set forth in Paragraph 85 of the SAC are denied.

86.     The allegations set forth in Paragraph 86 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

87.     The allegations set forth in Paragraph 87 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the

PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

88.    The allegations set forth in Paragraph 88 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

89.    The allegations set forth in Paragraph 89 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

90.    The allegations set forth in Paragraph 90 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

91.    The allegations contained in Paragraph 91 of the SAC are legal conclusions and, accordingly, are denied.

92.    The allegations contained in Paragraph 92 of the SAC are legal conclusions and, accordingly, are denied.

### COUNT I – DEFAMATION *PER SE*
### (MCI V. PCBC)

93.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

94.    The allegations set forth in Paragraph 94 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the

PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

95.     The allegations set forth in Paragraph 95 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

96.     The allegations set forth in Paragraph 96 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

97.     The allegations set forth in Paragraph 97 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

98.     The allegations set forth in Paragraph 98 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

99.     The allegations set forth in Paragraph 99 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

100.    The allegations set forth in Paragraph 100 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

101.    The allegations set forth in Paragraph 101 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

102.    The allegations set forth in Paragraph 102 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

103.    The allegations set forth in Paragraph 103 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

104.    The allegations set forth in Paragraph 104 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

105.    The allegations set forth in Paragraph 105 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the

PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

106.    The allegations set forth in Paragraph 106 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

### COUNT II – DEFAMATION *PER SE*
### (MCI & Mr. Maksin v. Post-Gazette)

107.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

108.    The allegations contained in Paragraph 108 of the SAC are legal conclusions and, therefore, are denied.

109.    The allegations contained in Paragraph 109 of the SAC are legal conclusions and, therefore, are denied.

110.    The PG Publishing Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 110 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

111.    The PG Publishing Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 111 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

112.    The allegations set forth in Paragraph 112 of the SAC are legal conclusions and, therefore, are denied.

113.    The allegations set forth in Paragraph 113 are denied as stated in that not all of the alleged false statements are verifiable by reference to public records. By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

114.    The allegations set forth in Paragraph 114 of the SAC are legal conclusions and, therefore, are denied.

115.    The allegations set forth in Paragraph 115 of the SAC are legal conclusions and, therefore, are denied.

116.    The allegations set forth in Paragraph 116 of the SAC are legal conclusions and, therefore, are denied.

117.    The allegations set forth in Paragraph 117 of the SAC are legal conclusions and, therefore, are denied.

118.    The allegations set forth in Paragraph 118 of the SAC are legal conclusions and, therefore, are denied.

119.    The allegations set forth in Paragraph 119 of the SAC are legal conclusions and, therefore, are denied.

120.    The allegations set forth in Paragraph 120 of the SAC are legal conclusions and, therefore, are denied.

121.    The allegations set forth in Paragraph 121 of the SAC are legal conclusions and, therefore, are denied.

122.    The allegations set forth in Paragraph 122 of the SAC are legal conclusions and, therefore, are denied.

123.    The allegations set forth in Paragraph 123 of the SAC are legal conclusions and, therefore, are denied.

WHEREFORE, Defendant PG Publishing Co. requests this Honorable Court to enter judgment in its favor and against the Plaintiffs.

## COUNT III – FALSE LIGHT INVASION OR PRIVACY
### (Mr. Maksin v. Post-Gazette)

124.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

125.    The allegations set forth in Paragraph 125 of the SAC are legal conclusions and, therefore, are denied.

126.    The allegations set forth in Paragraph 126 of the SAC are legal conclusions and, therefore, are denied.

127.    The allegations set forth in Paragraph 127 of the SAC are legal conclusions and, therefore, are denied.

128.    The allegations set forth in Paragraph 128 of the SAC are legal conclusions and, therefore, are denied.

129.    The allegations set forth in Paragraph 129 of the SAC are legal conclusions and, therefore, are denied.

130.    The allegations set forth in Paragraph 130 of the SAC are legal conclusions and, therefore, are denied.

WHEREFORE, Defendant PG Publishing Co. requests this Honorable Court to enter judgment in its favor and against the Plaintiffs.

## COUNT IV – DEFAMATION *PER SE*
## <u>(MCI & Mr. Maksin v. Hagen)</u>

131.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

132.    The allegations set forth in Paragraph 132 of the SAC are legal conclusions and, therefore, are denied.

133.    Hagen is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 133 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

134.    Hagen is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 134 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

135.    The allegations set forth in Paragraph 135 of the SAC are legal conclusions and, therefore, are denied.

136.    The allegations set forth in Paragraph 136 of the SAC are legal conclusions and, therefore, are denied.

137.    The allegations set forth in Paragraph 137 of the SAC are legal conclusions and, therefore, are denied.

138.    The allegations set forth in Paragraph 138 of the SAC are legal conclusions and, therefore, are denied.

139.    The allegations set forth in Paragraph 139 of the SAC are legal conclusions and, therefore, are denied.

140.    The allegations set forth in Paragraph 140 of the SAC are legal conclusions and, therefore, are denied.

141.    The allegations set forth in Paragraph 141 of the SAC are legal conclusions and, therefore, are denied.

142.    The allegations set forth in Paragraph 142 of the SAC are legal conclusions and, therefore, are denied.

143.    The allegations set forth in Paragraph 143 of the SAC are legal conclusions and, therefore, are denied.

WHEREFORE, Defendant Neena Hagen requests this Honorable Court to enter judgment in her favor and against the Plaintiffs.

## COUNT V – DEFAMATION *PER SE*
### (MCI & Mr. Maksin v. Korsh)

144.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

145.    The allegations set forth in Paragraph 145 of the SAC are legal conclusions and, therefore, are denied.

146.    Korsh is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 146 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

147.    Korsh is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 147 of the SAC and, accordingly, are denied.  By way of further response, the allegations also constitute legal conclusions and are denied on that basis as well.

148.    The allegations set forth in Paragraph 148 of the SAC are legal conclusions and, therefore, are denied.

149.    The allegations set forth in Paragraph 149 of the SAC are legal conclusions and, therefore, are denied.

150.    The allegations set forth in Paragraph 150 of the SAC are legal conclusions and, therefore, are denied.

151.    The allegations set forth in Paragraph 151 of the SAC are legal conclusions and, therefore, are denied.

152.    The allegations set forth in Paragraph 152 of the SAC are legal conclusions and, therefore, are denied.

153.    The allegations set forth in Paragraph 153 of the SAC are legal conclusions and, therefore, are denied.

154.    The allegations set forth in Paragraph 154 of the SAC are legal conclusions and, therefore, are denied.

155.    The allegations set forth in Paragraph 155 of the SAC are legal conclusions and, therefore, are denied.

156.    The allegations set forth in Paragraph 156 of the SAC are legal conclusions and, therefore, are denied.

WHEREFORE, Defendant Michael Korsh requests this Honorable Court to enter judgment in his favor and against the Plaintiffs.

## COUNT VI – DEFAMATION *PER SE*
## (MCI v. Union Progress)

157.    The PG Publishing Defendants incorporate by reference their prior paragraphs of this pleading.

158.    The allegations set forth in Paragraph 158 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

159.    The allegations set forth in Paragraph 159 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

160.    The allegations set forth in Paragraph 160 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

161.    The allegations set forth in Paragraph 161 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied. By way of further response, PG Publishing Co. denies any control or responsibility for any statement published by the Pittsburgh Union Progress and denies any collaboration or communication regarding any statements published by the Pittsburgh Union Progress.

162.    The allegations set forth in Paragraph 162 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

163.    The allegations set forth in Paragraph 163 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

164.    The allegations set forth in Paragraph 164 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

165.    The allegations set forth in Paragraph 165 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

166.    The allegations set forth in Paragraph 166 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

167.    The allegations set forth in Paragraph 167 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the

PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

168.    The allegations set forth in Paragraph 168 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, those allegations are legal conclusions and are, therefore, denied.

169.    The allegations set forth in Paragraph 169 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, those allegations are legal conclusions and are, therefore, denied.

170.    The allegations set forth in Paragraph 170 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

171.    The allegations set forth in Paragraph 171 of the SAC are not directed to the PG Publishing Defendants; therefore, no response is required. To the extent a response is required, the PG Publishing Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, which are, therefore, denied.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs have failed to state a claim upon which relief may be granted.

2.    Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants are protected by the Fair Report Privilege.

4.      Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants were not made with actual malice.

5.      None of the PG Publishing Defendants engaged in willful, wanton or reckless disregard for the truth.

6.      The Plaintiffs have failed to mitigate their damages.

7.      None of the PG Publishing Defendants made any statements or publications with malice toward either of the Plaintiffs.

8.      None of the PG Publishing Defendants made any statements or publications with reckless disregard toward either of the Plaintiffs.

9.      The PG Publishing Defendants were not aware of, and did not intend, the implications Plaintiffs allege.

10.     Numerous other media outlets have identified MCI as the owner of the Century III Mall and as the entity that was charged criminally by the Allegheny County District Attorney.

11.     The alleged defamatory or false light statements Plaintiffs attribute to PG Publishing Defendants did not cause the Plaintiffs' harm, if any.

12.     The Plaintiffs' damages, if any, were the result of superseding and/or intervening causes.

13.     The damages alleged by the Plaintiffs were the result, in whole or in part, of Plaintiffs' conduct.

14.     Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants are substantially true and accurate.

15.     Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants constitute expressions of opinions.

16.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants are protected under the First Amendment of the United States Constitution.

17.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants are protected under Article 1, Section 7 of the Pennsylvania Constitution.

18.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants are privileged.

19.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants involve matters of public concern.

20.    Plaintiffs' claims are barred or otherwise limited because Plaintiffs are public figures.

21.    Plaintiffs' claims are barred by the single publication rule.

22.    Plaintiffs' claims are barred by the Communications Decency Act, 47 U.S.C. § 230.

23.    Plaintiffs' claims are barred by the doctrine of unclean hands.

24.    Plaintiffs' claims are barred by the doctrine of collateral estoppel.

25.    Plaintiffs' claims are barred by the doctrine of waiver.

26.    Plaintiffs' claims are barred or otherwise limited by reason of prior publications and statements concerning Plaintiffs, which statements were widely available to anyone with access to a computer and the internet.

27.    Plaintiffs' claims are barred or otherwise limited because the publications identified in the SAC and attributed to the PG Publishing Defendants could not and did not harm the Plaintiffs' reputations in the community in light of other publications concerning the Plaintiffs.

28.     Plaintiffs' claims are barred insofar as Plaintiffs sustained no special injuries or damages of any kind as a result of any statement attributable to any of the PG Publishing Defendants.

29.     Plaintiffs' claims are barred because none of the PG Publishing Defendants acted with any malice toward either of the Plaintiffs.

30.     Plaintiffs' claims are barred because no statement by any of the PG Publishing Defendants was uttered with knowledge of falsity or in reckless disregard for the truth.

31.     The SPJ's Code of Ethics does not establish a standard of conduct in the field of journalism and is, by its own terms, unenforceable.

32.     Plaintiffs' claims are barred because alleged departure from journalistic standards is irrelevant and in any event as a matter of law does not satisfy the actual-malice standard that is required by the United States and Pennsylvania constitutions.

33.     Plaintiffs' claims are barred because they rely on legal theories inconsistent with the actual malice standard.

34.     Plaintiffs' claims are barred because none of the statements or publications attributable to the PG Publishing Defendants created a false implication concerning either of the Plaintiffs.

35.     Plaintiffs' claims are barred because none of the statements or publications attributable to the PG Publishing Defendants are capable of defamatory meaning.

36.     None of the PG Publishing Defendants acted with or were motivated by actual malice.

37.    The alleged damages, if proven, resulted from independent and/or intervening causes which were unrelated to the alleged statements or publications made by any of the PG Publishing Defendants.

38.    Plaintiffs' actions caused the media and the public to equate MCI and Mr. Maksin as the owners of the Century III Mall, including but not limited to:

     a.    Upon information and belief, employees of MCI represent or do not correct public officials that claim MCI owns the Century III Mall.  By way of example, on June 8, 2024, Pennsylvania State Senator Nick Pisciottano published a post on Instagram, claiming "Yesterday, I hosted a meeting of local, county, and state officials with Shawl Pryor, chief operating officer of Moonbeam Capital Investments, which owns the Century III Mall, to discuss the future of the property."

     b.    In a 2022 lawsuit filed in the Allegheny County Court of Common Pleas of Pennsylvania at GD-22-9749, Moonbeam Capital Investments LLC repeatedly admitted that it was an entity that "owned, operated and/or provided management service for Century III Mall." (Complaint and Answer ¶¶ 5, 7-8, 24);

     c.    In a 2024 Condemnation Action in the Allegheny County Court of Common Pleas of Pennsylvania at GD-24-006935, the Pennsylvania Department of Transportation repeatedly identified the owner of the Century III Mall as "Century III Mall PA, LLC C/O Moonbeam Capital Investments, LLC Steve Maksin, CEO 9101 Alta Drive, Unit 1801 Las Vegas 89145-8564."; and

    d.   In January of 2019, an employee of MCI testified that MCI's website continued to list the Century III Mall as one of MCI's properties on its website even after the membership interests in Century III Mall PA LLC had been transferred.

39.    The PG Publishing Defendants had no involvement in statements made by any of the other Defendants in this action.

40.    The PG Publishing Defendants reserve their right to assert additional affirmative defenses that may be revealed in discovery or otherwise during the pendency of this action.

**JURY TRIAL DEMANDED**

Dated: May 5, 2025                 DEL SOLE CAVANAUGH STROYD LLC

                               By: */s/ Patrick K. Cavanaugh*
                                 Patrick K. Cavanaugh, Esquire
                                 PA Id. No. 72960
                                 Zachary N. Gordon
                                 PA Id. No. 318808

                                 3 PPG Place, Suite 600
                                 Pittsburgh, PA 15222
                                 Tel.: (412) 261-2393
                                 pcavanaugh@dscslaw.com
                                 zgordon@dscslaw.com