**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOONBEAM CAPITAL INVESTMENTS LLC, a Nevada limited liability company, and STEVEN V. MAKSIN, an individual,<br><br>              Plaintiffs,<br><br>v<br><br>PITTSBURGH COMMUNITY BROADCASTING CORP., a Pennsylvania corporation, PG PUBLISHING CO. d/b/a PITTSBURGH POST-GAZETTE, a Pennsylvania corporation, NEENA HAGEN, an individual, MICHAEL KORSH, an individual, and PITTSBURGH UNION PROGRESS, a Pennsylvania nonprofit corporation,<br><br>              Defendants. | Case No.: 2:24-CV-1700<br>Hon. Christy Criswell Wiegand |

<u>**PLAINTIFFS' BRIEF IN OPPOSITION TO PCBC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)**</u>

## I. <u>INTRODUCTION</u>

The Court should deny Defendant Pittsburgh Community Broadcasting Corp.'s ("PCBC") Motion to Dismiss Count I of the Second Amended Complaint ("SAC") (Doc 53) of Plaintiffs Moonbeam Capital Investments LLC ("MCI") and Steven V. Maksin ("Mr. Maksin") because it is filed pursuant to Fed. R. Civ. Proc. 12(b)(6), but relies upon arguments only suited to a Summary Judgment motion pursuant to Fed. R. Civ. Proc. 56(c). Thus, PCBC's motion fails under Rule 12(b)(6) because the court cannot consider the extrinsic evidence proffered by PCBC and must instead accept as true the SAC's factual allegations, view them in the light most favorable to Plaintiffs and only dismiss the SAC if it fails to allege enough facts to state a claim that is plausible on its face, which is not the case here. Specifically, PCBC's motion fails for three primary reasons.

First, PCBC's motion fails because Count I of the SAC more than meets the low bar set by Rule 12(b)(6) since it sets forth the *prima facie* elements of Defamation *Per Se* and alleges facts allowing the Court to draw the reasonable inference that PCBC is liable to MCI, including that: (1) the March 14, 2024 Article was of a defamatory character because it falsely asserted that MCI was the subject of criminal prosecution, which it was not, (2) the March 14, 2024 Article was published by PCBC, (3) the false statement was applicable to MCI, as the only Nevada company referenced therein, (4) the recipient of the false statement understood its defamatory meaning, (5) the recipient of the false statement understood its application to MCI, which led to the collapse of more than $325 Million in business transactions and approximately $65 Million in damages, (6) special harm resulted to MCI as a result of the false statement's publication (which was not required to be pleaded here given the *per se* nature of the defamation), and (7) the abuse of any conditionally privileged occasion, demonstrated by PCBC's publication of its false statements, despite knowledge that MCI had not been charged with any crime. These non-conclusory allegations must be viewed in the light most favorable to Plaintiffs and, pursuant to Rule 12(d), PCBC may not introduce extrinsic facts to contest these claims.

Second, PCBC's motion fails because its arguments based upon the "substantial truth" and "fair report privilege" defenses are fact-based inquiries not appropriate for resolution in the context of this Rule 12(b)(6) motion, particularly where Plaintiffs have properly pleaded that the statements in the March 14, 2024 Article are "false and defamatory," which the Court must accept as true. Indeed, both PCBC's arguments would improperly compel the Court to consider extrinsic evidence not part of the SAC, including reporting on alleged official proceedings, pleadings from unrelated cases and publications in the "public realm." Further, as alleged in the SAC, Plaintiffs contend that no conditional privilege attaches to the March 14, 2024 Article and that PCBC abused

and forfeited such privilege because its statements lacked substantial accuracy or were published solely for the purpose of causing harm to MCI. Regardless, none of these arguments and defenses of PCBC are properly before the Court as part of the instant Rule 12(b)(6) motion.

Third, PCBC's motion fails because the argument that its April 10, 2024 Correction rendered the March 14, 2024 Article "entirely true and subject to the fair report privilege" is (1) contrary to the well-pleaded allegations of the SAC, including the allegation that the March 14, 2024 Article still contains patently false statements regarding the criminal prosecution of MCI which were never corrected or withdrawn by PCBC, which allegations must be viewed in the light most favorable to Plaintiffs, and (2) the Court cannot consider the extrinsic evidence upon which PCBC's arguments rely under Rule 12(b)(6).

Accordingly, the Court should deny PCBC's Motion to Dismiss Count I of the SAC in its entirety. The Court should also decline PCBC's tacit invitation to convert the instant Rule 12(b)(6) motion to a Rule 56(c) Summary Judgment motion because it would be premature to consider summary judgment when this case is in its infancy and no discovery has yet been conducted.[1]

## II. <u>FACTUAL BACKGROUND</u>

This action arises from multiple false and defamatory statements published by Defendants PCBC, PG Publishing Co. d/b/a Pittsburgh Post-Gazette, Neena Hagen, Michael Korsh and Pittsburgh Union Progress imputing business misconduct to MCI and placing Mr. Maksin in a false light. ¶1 SAC. As a result of Defendants' defamatory publications, Plaintiffs suffered damage to their reputation, the deterrence of third persons from associating and dealing with them, and the

---

[1] PCBC's motion is erroneously entitled "Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(B)," despite the fact that only Count I of the SAC relates to PCBC and the remaining five counts are against the other Defendants. Therefore, the scope of PCBC's motion is properly limited to only Count I of the SAC.

collapse of business transactions worth approximately $65 Million to MCI. ¶¶1, 91, 103 SAC.

On April 9, 2025, Plaintiffs filed the SAC. The specific allegations of the SAC and its Exhibits relevant to PCBC's Motion to Dismiss are addressed in the Argument section of this Brief, but at issue is PCBC's March 14, 2024 Article which published the following false and defamatory facts regarding MCI: (a) "Allegheny County District Attorney Stephen Zappala filed criminal charges and a restraining order" against MCI "in late January;" and (b) MCI was the owner of the Mall. ¶¶30-33, 94 SAC; Ex 2. In fact, MCI was never the owner of the Century III Mall ("Mall"), no MCI-related entity was the owner of the Mall as of the date of the March 14, 2024 Article and, importantly for this motion, MCI has never been charged with any criminal offense by the Allegheny County District Attorney or anyone else. ¶94 SAC.

PCBC ultimately acknowledged its error as to the Mall's ownership and issued an April 10, 2024 correction reflecting the correct ownership. ¶¶43-45 SAC; Ex 10-11. However, PCBC's correction did not recant the false statements as to MCI because it did not unequivocally state that MCI is not the owner of the Mall or that MCI is not the subject of any related criminal action. ¶¶47, 101 SAC; Ex 11. Indeed, the correction still contained the false and defamatory statement that "Allegheny District Attorney Stephen Zappala filed criminal charges and a restraining order **against the Las Vegas company** in late January (emphasis added)," which statement was also included in the original article and could only reasonably be understood to pertain to MCI, the only referenced Nevada limited liability company, and not Century III Mall PA LLC ("Century III"), a Pennsylvania limited liability company. ¶¶48, 100 SAC. As a proximate result of PCBC's actions constituting defamation *per se*, MCI suffered approximately $65 Million in damages from the collapse of business transactions worth over $325 Million. ¶¶102, 103 SAC.

As alleged in the SAC, the fair report privilege does not attach to PCBC's false statements

in the March 14, 2024 Article because they were not substantially accurate and were published solely for the purpose of causing harm to MCI. ¶¶104, 105 SAC. Indeed, PCBC ignored evidence of the many successes of MCI in saving other distressed properties in publishing the March 14, 2024 Article. ¶¶51-57 SAC. Accordingly, PCBC had no privilege to make the statements in the March 14, 2024 Article and/or abused, waived or forfeited such privilege. ¶106 SAC.

### III. <u>STANDARD OF REVIEW</u>

#### A.    <u>Fed. R. Civ. Proc. 12(b)(6)</u>.

A motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) tests the legal sufficiency of a party's claim. In reviewing such a motion, the court accepts as true the complaint's factual allegations and views them in the light most favorable to plaintiff. <u>Phillips</u> v <u>City of Allegheny</u>, 515 F2d 224, 228 (3rd Cir 2008). In making its determination under Rule 12(b)(6), the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u> v <u>Twombly</u>, 550 US 544, 570 (2007). *See also* <u>Ashcroft</u> v <u>Iqbal</u>, 556 US 662, 678 (2009). Further, a complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim that is plausible on its face." <u>Twombly</u>, *supra*, 550 US at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

Expounding on the <u>Twombly</u> and <u>Iqbal</u> line of cases, the Third Circuit has articulated the following three-step approach for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Third, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'

<u>Burch</u> v <u>Milberg Factors, Inc</u>, 662 F2d 212, 221 (3rd Cir 2011) (quotations omitted). This

determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, *supra*, 556 US at 679. Thus, for the purpose of deciding the present Motion, the Court should accept as true the facts stated in the SAC and view those facts in the light most favorable to Plaintiffs. *Burtch*, *supra*, 662 F2d at 220.

Where the basis of a Rule 12(b)(6) motion is not the legal sufficiency of Plaintiffs' claims, but instead focused upon the substantive defenses to such claims, the courts have cautioned that, "a defense to a stated claim will be recognized at the pleading stage only where the allegations of the complaint unequivocally establish the defense as a matter of law or an affirmative defense appears unanswered on the face of the complaint." *Hilton* v *Porch.com*, 2018 US Dist LEXIS 46185, at *2-3 (WD Pa 2018) *citing* *Victaulic* v *Tieman*, 499 F3d 227, 234-35 (3rd Cir 2007) ("generally speaking, we will not rely on an affirmative defense to trigger dismissal of a complaint under Rule 12(b)(6)"). Thus, defenses grounded in fact-based inquiries are properly deferred beyond the pleading stage. *Hilton*, *supra*, at *2-3; *Victaulic*, *supra*, 499 F3d at 234-35.

## B.    Fed. R. Civ. Proc. 12(d).

To the extent that a 12(b)(6) motion improperly ventures beyond the factual averments of the subject complaint and its exhibits, and instead relies upon extrinsic evidence outside of the pleadings, consideration of such extrinsic evidence is not permitted under Rule 12(b)(6). *Schmidt* v *Skolas*, 770 F3d 241, 249 (3rd Cir 2014) *citing* *Pensions Benefit* v *White Consol Indus*, 998 F2d 1192, 1196 (3rd Cir 1993) (when deciding a Rule 12(b)(6) motion a court "must consider only the allegations in the complaint, exhibits attached to the complaint and matters of public record"). The definition of a public record "for purposes of what may be considered on a motion to dismiss, includes criminal case dispositions, letter decisions of government agencies and published reports of administrative bodies." *J/H Real Estate* v *Abramson*, 901 FSupp 952, 955 fn 3 (ED Pa 1995).

Public records also include court orders and written opinions and the existence of previous litigation, but only if referred to in the complaint. _S Cross Overseas_ v _Wah Kwong Ship Grp_, 181 F3d 410, 426 (3rd Cir 1999).

The extrinsic evidence presented in PCBC's instant motion, including pleadings from unrelated cases and outside publications (_see_ PCBC's Exhibits 1-2), none of which are referred to in the SAC, are not public records for purposes of what may be considered on a motion to dismiss and should be excluded from the Court's consideration. Under Fed. R. Civ. Proc. 12(d), if such matters outside the pleadings are not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56 and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." _Pensions Benefit_, _supra_, 998 F2d at 1196 ("the reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extrinsic evidence submitted by the defense is to afford the plaintiff an opportunity to respond"). _See also Bruni_ v _City of Pittsburgh_, 824 F3d 353, 360-61 (3rd Cir 2016). However, where a case is in its infancy and no discovery has yet been conducted, a Court should decline to consider any extrinsic evidence and refuse to convert the motion to a summary judgment motion. _BS Ingersoll_ v _Great Am Ins Co_, 2023 US Dist LEXIS 39433, at *29 (ED Pa 2023) (concluding it would be premature to consider the motion to dismiss as a summary judgment motion where no discovery had yet been conducted in the case); _Grine_ v _Coombs_, 1997 US Dist LEXIS 19618, at *8 (WD Pa, Mar. 31, 1997) (holding that the court properly excluded extrinsic evidence from its consideration and appropriately declined to convert Rule 12(b)(6) to a summary judgment motion given that the issues involved "must be assessed on a more developed record"); _Koch_ v _Early Impressions Learning Ctr_, 2024 US Dist LEXIS 192312, at *8 (MD Pa, Oct. 23, 2024) (holding that conversion is unwarranted where no discovery had occurred in the case).

# IV. ARGUMENT

## A. MCI Has Sufficiently Alleged A Defamation *Per Se* Claim Against PCBC.

### 1. *Prima Facie* Elements of Defamation *Per Se*.

The first step in analyzing PCBC's Rule 12(b)(6) motion is for the Court to "take note of the elements a plaintiff must plead to state a claim." *Burtch*, *supra*, 662 F2d at 221. The *prima facie* elements of a defamation claim are codified in the Uniform Single Publication Act:

> In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:
> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.
> (7) Abuse of a conditionally privileged occasion.

42 Pa CS §8343. The special harm requirement is eliminated if the words constitute defamation *per se*, which includes "words imputing . . . business misconduct," *i.e.,* words that "ascribe to another conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business." *Synygy* v *Scott-Levin*, 51 FSupp2d 570, 580 (ED Pa 1999).

### 2. MCI's Well-Pleaded Factual Allegations Establish That It Has Sufficiently Alleged A Defamation *Per Se* Claim Against PCBC.

The next steps in analyzing the instant Rule 12(b)(6) motion are to examine MCI's well-pleaded factual allegations, to permit the Court to "assume [the] veracity of the factual allegations and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, *supra*, 556 US at 678 (2009) *citing Twombly*, *supra*, 550 US at 556 (a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). As previously referenced, Count I of the SAC sets forth the *prima facie* elements of Defamation *Per Se* by making the non-conclusory allegations

that: (1) the March 14, 2024 Article was of a defamatory character because it falsely asserted that MCI was the subject of criminal prosecution, which it was not (¶94 SAC), (2) the March 14, 2024 Article was published by PCBC (¶94 SAC), (3) the false statement was applicable to MCI, as the only Nevada company referenced therein (¶94 SAC), (4) the recipient of the false statement understood its defamatory meaning (¶95 SAC), (5) the recipient of the false statement understood its application to MCI (¶96 SAC), which led to the collapse of more than $325 Million in business transactions and approximately $65 Million in damages, (¶103 SAC) (6) special harm resulted to MCI as a result of the false statement's publication (which was not required to be pleaded here given the *per se* nature of the defamation) (¶¶99, 103 SAC), and (7) the abuse of any conditionally privileged occasion, demonstrated by PCBC's publication of its false statements, despite knowledge that MCI had not been charged with any crime (¶¶104-06 SAC). As set forth herein, these well-pleaded factual allegations by MCI in the SAC permit the Court to draw the reasonable inference that PCBC is liable to MCI for Defamation *Per Se* under Count I.

### a. PCBC's Published Statements in the March 14, 2024 Article Were Capable of a Defamatory Meaning and Clearly Applicable to MCI.

In a defamation action, the Court must make a threshold determination whether the challenged statements are capable of a defamatory meaning. *Gibney* v *Fitzgibbon*, 547 Fed App'x 111, 113 (3rd Cir 2013). *See also Byars* v *Sch Dist of Phila*, 942 FSupp2d 552, 564 (ED PA 2013) ("[w]hether a statement is capable of a defamatory meaning is a question of law for the court"). In determining whether a statement is capable of a defamatory meaning, a court must view the statement in context. *Tucker* v *Phila Daily News*, 577 Pa 598, 615, 848 A2d 113, 124 (2004).

MCI pleads here that, on March 14, 2024, WESA FM[2] published an article entitled "Judge

---

[2] PCBC does business under the fictitious name, 90.5 WESA ("WESA FM"). ¶4 SAC.

sets deadline for Century III Mall renovation progress amid demolition threat" ("March 14, 2024 Article").[3] ¶30 SAC; <u>Ex 2</u>. The original publication of the article contained two defamatory statements regarding MCI: (1) that MCI was the owner of the Mall, and (2) that "Allegheny County District Attorney Stephen Zappala filed criminal charges and a restraining order" against MCI in "late January." ¶¶31, 94 SAC; <u>Ex 2</u>. In fact, MCI was never the owner of the Mall, no MCI-related entity was the owner of the Mall as of March 14, 2024 and MCI has never been charged with a criminal offense by anyone as regards the Mall or anything else. ¶¶31-33, 94 SAC; <u>Ex 2</u>.

The full text of PCBC's second statement reads "Allegheny County District Attorney Stephen Zappala filed criminal charges and a restraining order against the Las Vegas-based company in late January." <u>Ex 2</u>. Taking such statement in context, which follows the statement that "the Century III Mall was sold to Moonbeam Capital Investments in 2013," the Court should find that PCBC's statements are capable of a defamatory meaning for the reason that (a) "the Las Vegas-based company" could only reasonably refer to MCI, a Nevada limited liability company, and not Century III, a Pennsylvania limited liability company; and (b) such statements regarding criminal charges impute business misconduct to MCI. <u>Synygy</u>, *supra*, 51 FSupp2d at 580; <u>Tucker</u>, *supra*, 577 Pa at 598, 848 A2d at 125 (holding a statement was capable of a defamatory meaning because the ad "clearly imputes . . . characteristics and conduct which are incompatible with the proper and lawful exercise of a business"). *See also* <u>Zerpol</u> v <u>DMP</u>, 561 FSupp 404, 410 (ED Pa 1983) (holding that ads impugning plaintiff corporation's competence and lack of expertise had a tendency to deter third persons from dealing with it). PCBC's tortured argument that Century III

---

[3] On May 13, 2013, Century III purchased the Mall. ¶13 SAC. At that time, the sole member of Century III was Moonbeam Equities X, LLC. *Id.* ¶13. On August 2, 2018, Moonbeam Equities X, LLC sold the membership interest in Century III to Beacon Commercial Limited and Bizmax Investments Limited, unrelated entities in which Plaintiffs have never owned any interest. *Id.* ¶15.

could possibly have been understood to be the subject of "Las Vegas-based company" reference is highly speculative at best, and certainly not persuasive when MCI's allegations to the contrary in the SAC must be viewed in the light most favorable to Plaintiffs. Accordingly, the Court should hold that MCI has properly alleged that PCBC's published statements in the March 14, 2024 Article were capable of a defamatory meaning and applicable to MCI.  ¶¶30-33, 94 SAC;  Ex 2.

### b. The Recipients of PCBC's March 14, 2024 Article Understood the Defamatory Meaning of the Statements and That It Was Intended To Be Applicable to MCI.

MCI has sufficiently alleged that the recipients of the March 14, 2024 Article understood the defamatory meaning of the statements contained therein and understood them as intended to be applicable to MCI. *See e.g.* Rockwell v *Allegheny Health, Educ & Research Found*, 19 FSupp2d 401, 407 (ED PA 1998) (under a 42 Pa CS §8343 claim, plaintiff need only plead that the recipient of the alleged defamatory remarks understood their defamatory meaning as applied to plaintiff). Here, MCI pleads that "[t]he recipients of the March 14, 2024 Article understood them to be defamatory as applied to MCI" and "[t]he recipients of the March 14, 2024 Article understood them as intended to be applicable to MCI." ¶¶95-96 SAC.

Moreover, MCI also pleads that the statements contained in the March 14, 2024 article regarding its alleged criminal conduct caused a prospective business partner not to proceed with certain business deals with MCI. ¶103 SAC. Accordingly, the Court should determine that MCI has sufficiently alleged that recipients of the alleged defamatory remarks indeed understood their defamatory meaning as applied to MCI. *Rockwell*, *supra*, 19 FSupp2d at 407.

### c. Pleading Special Harm Resulting to MCI From PCBC's Publication is Unnecessary.

MCI has no obligation to plead special harm because PCBC's statements impute business misconduct, *i.e.*, conduct, characteristics or a condition that would adversely affect MCI's fitness for the proper conduct of lawful business, thus constituting Defamation *Per Se. Synygy*, *supra*, 51

FSupp2d at 580. Nevertheless, MCI has sufficiently alleged special harm because PCBC's statements would have the tendency to have the effect of deterring third persons from dealing with it (¶103 SAC). R(2d) TORTS §559, *comment d* (explaining that actual harm to reputation or the deterrence of third persons from associating with plaintiff is not necessary, because the defamatory character of the remarks depends upon the general tendency to have such an effect). Indeed, MCI pleads that it suffered actual damages of approximately $65 Million from the collapse of business transactions due to PCBC's false statements regarding criminal charges against MCI. ¶103 SAC.

### d. PCBC Cannot Claim a Conditional Privilege Because It Abused Such Privilege.

While examination of PCBC's conditional privilege defense is inappropriate in this 12(b)(6) Motion, the allegations set forth in the SAC make clear that PCBC cannot prevail upon such privilege as part of the instant motion. Such is the case because the SAC alleges that PCBC's false statements in the March 14, 2024 Article were made intentionally, recklessly or negligently or for a purpose other than the purpose for which the privilege was given. Under 42 Pa CS §8343, liability does not reach individuals subject to a conditional privilege, unless that privilege is abused. Communications are only privileged when made on a proper occasion, from a proper motive, and in a proper manner. *Maier* v *Maretti*, 448 Pa Super 276, 285, 671 A2d 701, 705 (1995). A publication is conditionally privileged if the publisher reasonably believes the recipient shares a common interest in the subject matter and is entitled to know. *Id*. Conditional privileges are abused when made intentionally, recklessly or negligently or for a purpose other than the purpose for which the privilege is given. *Johnson* v *Res H Dev*, 860 FSupp 218, 223 (ED Pa 1994).

MCI has sufficiently alleged PCBC's abuse of any conditional privilege which it might otherwise assert in this action, by specifically pleading that "[t]he fair report privilege does not apply to the statements in the March 14, 2024 Article" because (a) "they were not fair, accurate

and complete and, therefore, not substantially accurate;" and (b) "they were published solely for the purpose of causing harm to MCI." ¶¶104, 105 SAC. MCI also pleads that "PCBC had no privilege to make the statements in the March 14, 2024 Article and/or abused, waived or forfeited any conditional privilege." ¶106 SAC. Thus, the Court should determine that MCI has sufficiently alleged that PCBC has abused and forfeited any conditional privilege to which it might be entitled. *Johnson*, *supra*, 860 FSupp at 223 (denying Rule 12(b)(6) motion because the plaintiff asserted that the defendant abused a conditional privilege).

Accordingly, based upon the foregoing well-pleaded allegations by Plaintiffs in the SAC, the Court should conclude that MCI has sufficiently alleged a claim of Defamation *Per Se* against PCBC under Count I. *Fanelle* v *LoJack Corp*, 79 FSupp2d  558, 562-63 (ED Pa 2000) (holding that plaintiffs' defamation claim was sufficient to survive a Rule 12(b)(6) motion because they alleged all elements required by 42 Pa CS §8343); *Windowizards* v *Castle*, 2001 US Dist LEXIS 7007, at *5-6 (ED Pa 2001) (denying motion to dismiss under Rule 12(b)(6) because plaintiff's complaint satisfied the substantive requirements of pleading a defamation claim under 42 Pa CS §8343). Again, the Court must accept as true the SAC's factual allegations and view them in the light most favorable to Plaintiffs. *Phillips*, *supra*, 515 F2d at 228.

### B.      PCBC's Assertion of the Substantial Truth and Fair Report Privilege Defenses Should Be Rejected and Denied Pursuant to Rule 12(b)(6).

PCBC's Motion to Dismiss advances two inappropriate arguments regarding its pre-Answer defenses, both of which are more properly suited for a Rule 56(c) Motion, which the instant motion is not, and which should not be entertained by the Court as part of this 12(b)(6) Motion. First, PCBC relies upon a defense of "substantial truth." Second, PCBC contends that the March 14, 2024 Article is protected by the fair report privilege. As demonstrated *infra*, such arguments are devoid of legal merit for purposes of this Rule 12(b)(6) motion because the

substantial truth and the fair report privilege defenses are fact-based inquiries not appropriate for resolution at this stage of the litigation.

1.    **Resolution Of The Substantial Truth Privilege is Inappropriate Under Rule 12(b)(6) Because All Plaintiffs' Factual Allegations Must Be Accepted As True.**

PCBC argues that dismissal of Count I of the SAC is warranted because the statements in the March 14, 2024 Article were substantially true. However, the cases cited by PCBC in support of such argument are inapposite because they address motions for summary judgment under Rule 56(c), rather than Rule 12(b)(6). *See e.g. Bobb* v *Kraybill*, 354 Pa Super 361, 511 A2d 1379 (1986) (affirming grant of summary judgment under Rule 56(c) because plaintiff did not meet his burden of proving articles written about him were false); *Pacitti* v *Durr*, 310 Fed App'x 526 (3rd Cir 2009) (affirming summary judgment under Rule 56(c) because the communications were substantially true); *Emekekwue* v *Offor*, 26 FSupp3d 348 (MD Pa 2014) (granting motion for summary judgment as to defamation claim under Rule 56(c) because statements were substantially true). Again, PCBC's instant motion is brought under Rule 12(b)(6).

Further, MCI has sufficiently pleaded in the SAC that the statements in the March 14, 2024 Article are "false and defamatory." ¶94 SAC. Because the Court must accept all of Plaintiffs' allegations as true, the Court may not resolve the substantial truth defense under this Rule 12(b)(6) Motion. *Morganstern* v *Fox TV Stations*, 2008 US Dist LEXIS 92990, at *26-27 (ED Pa, Oct. 31, 2008) (under Rule 12(b)(6), determination of the substantial truth of the alleged defamatory publications is not appropriate because the court must accept all of plaintiff's factual allegations as true); *RRZ Public Mkts* v *Bond Buyer*, 1995 US Dist LEXIS 604, at *8 (ED Pa, Jan. 17, 1995) (denying motion to dismiss under Rule 12(b)(6) regarding the substantial truth of the statements in defendants' article because plaintiff pled sufficiently that the statements in the article were false and defamatory). Defenses such as substantial truth may only be raised on a Rule 12(b)(6) motion

"where the defect appears on the face of the pleading." *Continental Collieries* v *Shober*, 130 F2d 631, 635-36 (3rd Cir 1942). Because no such defects and no affirmative defense of truth appears in the SAC, the Court may not adjudicate the defense in a motion to dismiss under Rule 12(b)(6). *Schmidt, Long & Assoc* v *Aetna US Healthcare*, 2000 US Dist LEXIS 17355, at *12 (ED Pa 2000) (denying motion to dismiss as to defamation claim because "[n]o affirmative defense of truth appears on the face" of the complaint).

Similarly, PCBC's factual averments regarding reporting of alleged official proceedings, pleadings from unrelated cases and publications in the "public realm," none of which are referenced in the SAC, are not persuasive because consideration of such extrinsic evidence is not permitted under Rule 12(b)(6). *Pensions Benefit*, *supra*, 998 F2d at 1196; *Bruni*, *supra*, 824 F3d at 360-61. Moreover, PCBC's argument that the SAC implies a "tacit" admission that a MCI-related entity, *i.e.*, Moonbeam Equities X, LLC, had an ownership interest in the Mall prior to selling its membership interest on August 2, 2018, is not binding because the SAC never expressly makes such an unequivocal statement. *Glick* v *White Motor Co*, 458 F2d 1287, 1291 (3rd Cir 1972) (to be binding, admissions must be unequivocal). Even assuming, *arguendo*, that such statement was clear and unequivocal and qualifies as a judicial admission, the fact that an MCI related entity owned the Mall six years earlier does not make it substantially true that MCI owned the Mall as of the date of the March 14, 2024 Article, nearly six years later.

Further, the Court should not consider PCBC's allegations of pleadings from unrelated cases given that they do not qualify as a public record for purposes of a motion to dismiss. *J/H Real Estate*, *supra*, 901 FSupp at 955 fn 3; *Digit Dream* v *Living Tech*, 2022 US Dist LEXIS 175641, at *9 (WD Pa, Sept. 28, 2022) (holding "that category [of public records] is ordinarily limited to official documents and the like"). While public records can also include court orders

and written opinions and the existence of previous litigation, if referred to in the complaint, the SAC makes no such references to any such documents. *S Cross Overseas*, *supra*, 181 F3d at 426.

Finally, PCBC's factual averments regarding publications in the "public realm" are clearly extraneous to the pleadings and may not be considered under Rule 12(b)(6). *In re Burlington Coat Factory Sec Litig*, 114 F3d 1410, 1426 (3rd Cir 1997) (when ruling on a motion to dismiss under Rule 12(b)(6), the court may not consider matters extraneous to the pleadings). *See also Pensions Benefit*, *supra*, 998 F2d at 1196; *Bruni*, *supra*, 824 F3d at 360-61. Moreover, facts subject to judicial notice are only those which are not subject to reasonable dispute. Fed. R. Evid. 201. Therefore, the many disputed facts set forth in the various publications cited by PCBC, which are contrary to the allegations of the SAC, cannot be judicially noticed. *See e.g. Doss* v *Clearwater Title*, 551 F3d 634 (7th Cir 2008) (reversing grant of Rule 12(b)(6) motion to dismiss because deed attached to the defendant's motion was a matter outside the pleadings and could not be subject to judicial notice because it was alleged to be a forgery and thus was "subject to reasonable dispute").

Accordingly, it remains the case that MCI has properly stated a cause of action for Defamation *Per Se* under Count I and the Court cannot dismiss the SAC under a defense of "substantial truth." *Ansley* v *Wetzel*, 2022 US Dist LEXIS 39993, at *17 (MD Pa, Mar. 7, 2022) (denying Rule 12(b)(6) motion to dismiss as to substantial truth because it inappropriately takes the court beyond the pleadings); *Fanelle*, *supra*, 79 FSupp2d at 563 (holding that the resolution of the substantial truth of defendant's brochure was not appropriate on a motion to dismiss under Rule 12(b)(6) because it takes the court "beyond the pleadings").

### 2. Resolution of the Fair Report Privilege is Inappropriate Under Rule 12(b)(6) Where Questions of Fact Regarding the Privilege Exist.

PCBC improperly asserts the fair report privilege as a defense to MCI's claim of Defamation *Per Se* in this Rule 12(b)(6) motion. Further, while Pennsylvania recognizes the right

of the press to publish fair and accurate accounts of judicial or official proceedings without regard to the truth or falsity of the information contained within those proceedings, PCBC cannot establish the right to assert such privilege here. *Medico* v *Time*, 643 F2d 134, 137-38 (3rd Cir 1981), *cert denied*, 454 US 836 (1981). Such is the case because the test whether a report is fair and accurate is similar to that of the substantial truth defense, *i.e.,* whether the article carries a materially greater "sting" than the original proceeding and whether a reasonable reader, comparing the proceedings and the article as a whole, could conclude that the article was a fair and accurate rendition of the proceeding. *Oweida* v *Tribute-Review Publ*, 410 Pa Super 112, 129, 599 A2d 230 (1991).

As a preliminary matter, PCBC's extraneous factual assertions of its alleged reporting on three "official proceedings" is not supported by SAC and its Exhibits given that the March 14, 2024 Article only addresses two accounts of judicial proceedings. Ex 2. The first account concerns the proceedings before the Allegheny County Common Pleas Judge Jill E. Rangos, with which MCI does not take issue. Ex 2. The second account of judicial proceedings concerns criminal charges filed by Allegheny County District Attorney filed in late January 2024, with which MCI does take issue because PCBC's account falsely states that MCI was the subject of criminal charges while the criminal complaint clearly states that the subject of the criminal charges is Century III Mall, an unrelated entity. Ex 2, 3. While PCBC disingenuously states in its motion that the March 14, 2024 Article reported on a "press conference from January 30, 2024," that claim is false since a review of the March 14, 2024 Article confirms that no press conference is mentioned in the article, much less one from 44 days earlier. Ex 2. Accordingly, the only account of judicial proceedings for purposes of determining the applicability of the fair report privilege in the present case is the report concerning the District Attorney's filing of criminal charges. Ex 2.

Moreover, MCI alleges in the SAC that PCBC abused any applicable fair report privilege

because its statement regarding the criminal charges in the March 14, 2024 Article was not fair, accurate and complete given that the charges were filed against Century III Mall, a Pennsylvania limited liability company, not MCI, a Nevada limited liability company. ¶¶104-106 SAC; Ex 3. While MCI believes that it should prevail as to this issue, the Court may not resolve factual issues regarding PCBC's abuse of the fair report privilege in the context of a Rule 12(b)(6) motion. *Dipietro* v *Jefferson Bank*, 1992 US Dist LEXIS 9661, at *10 (ED Pa 1992) (holding that plaintiff's allegations raising a question whether the privilege was abused was inappropriate for the court to evaluate on a motion to dismiss under Rule 12(b)(6)). Indeed, it is well-settled that the court determines whether a privilege applies but the jury considers whether that privilege was abused. *Johnson*, *supra*, 860 FSupp at 223 (denying Rule 12(b)(6) motion because allegations of abuse of privilege raise material fact issues for the jury). Accordingly, like all the other arguments raised in PCBC's motion, these issues are not properly before the Court at this time.

It is also the case that the fair report privilege is qualified and can be forfeited if abused by the defendant (i) making "exaggerated additions or embellishments" to the account, or (ii) publishing the account solely for the purpose of causing harm to the person defamed, which Plaintiffs contend PCBC did here. *Sciandra* v *Lynett*, 409 Pa 595, 600, 187 A2d 586, 589 (1963). Factual issues exist regarding PCBC's abuse of the fair report privilege because its statement that "[o]nce the third largest mall in the world and a retail wonder when it opened in 1979, Century III Mall was sold to Moonbeam Capital Investments in 2013" is an addition or embellishment by PCBC, not an account of any judicial proceeding. Ex 2; *RRZ Public Mkts*, *supra*, at *9-10 (the court could not resolve whether there was a material inaccuracy or an "embellishment" sufficient to destroy the privilege of fair report because the court must accept as true the plaintiff's allegations that the article contained material misrepresentations that were not present in the court

proceedings). Plaintiffs also plead that PCBC ignored evidence of the many successes of MCI in saving other distressed properties in the March 14, 2024 Article. ¶¶51-57 SAC. Such alleged facts, if believed, would allow a jury to conclude that PCBC published its account solely for purposes of causing harm to MCI. _Guardian Life Ins_ v _Am Guardian_, 943 FSupp 509, 527 (ED Pa 1996) (in the context of a motion to dismiss, the pleadings must allege facts which, if believed, would allow a jury to conclude that the alleged defamer acted with malice).

Therefore, even if an examination of fair reporting privilege issues in a Rule 12(b)(6) motion was appropriate, which it is not, and even assuming the statements contained in the March 14, 2024 Article were protected by such privilege, which Plaintiffs contend they were not, PCBC's argument fails because it would be a question for the jury as to whether the privilege was abused. _Jones_ v _Hinton_, 847 FSupp 41, 43 (ED Pa 1994) (holding that abuse of privilege is a jury question that cannot be properly considered on a motion to dismiss) _citing Bargerstock_ v _WGCAC_, 397 Pa Super 403, 411, 580 A2d 361, 364 (1990) (whether a communication is conditionally privileged is a question for the court and whether that privilege is abused is a question for the jury); _Donaldson_ v _Informatica_, 2009 US Dist LEXIS 15528, at *14-15 (WD Pa 2009) (denying motion to dismiss as premature because "disputed privilege issues . . . are more appropriately left for resolution at a later stage of the proceedings upon a more fully developed record").

### 3.    Count I Remains Based Upon the March 14, 2024 Article.

PCBC's argument that MCI's Defamation _Per Se_ claim can only be based upon the March 14, 2024 Article, not PCBC's April 10, 2024 Correction, is of no moment since, on its face, Count I of the SAC is based solely upon the statements in the March 14, 2024 Article. ¶¶94-99 SAC. Further, as pleaded in the SAC, the April 10, 2024 Correction completely fails to address the false statement that the Las Vegas company, _i.e._, MCI, was the subject of a criminal prosecution, which

makes MCI's continued pursuit of its Defamation *Per Se* claim perfectly appropriate.

## V. <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court deny PCBC's Motion to Dismiss Count I of the SAC because MCI has sufficiently alleged a valid claim of Defamation *Per Se*. PCBC's arguments based upon the substantial truth and fair report privileges are fact-based inquiries not appropriate for resolution as part of this Rule 12(b)(6) motion or at this early stage of the litigation and should be rejected.

Respectfully submitted,

LABOVITZ LAW GROUP, LLC
By: _/s/ William J. Labovitz_____
    William J. Labovitz, Esq.
    Pa. I.D. No. 77018

Foster Plaza 5
651 Holiday Drive, Suite 400
Pittsburgh, PA 15220
Tel: (412) 206-9449
*wlabovitz@labolawgroup.com*

Counsel for Plaintiffs, Moonbeam Capital
Investments LLC and Steven V. Maksin

Dated: May 27, 2025

ELLIAS & ELIAS, P.C.
By: __/s/ Frederick D. Elias_____
    Frederick D. Elias, Esq.
    *Admitted Pro Hac Vice*
    Christine R. Essique, Esq.
    *Admitted Pro Hac Vice*

7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
Tel: (248) 865-8400
Fax: (248) 865-8790
*fdelias@e3pc.net*
*cressique@e3pc.net*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MOONBEAM CAPITAL INVESTMENTS LLC,
a Nevada limited liability company, and STEVEN
V. MAKSIN, an individual,

        Plaintiffs,

v

PITTSBURGH COMMUNITY
BROADCASTING CORP., a Pennsylvania
corporation, PG PUBLISHING CO.
d/b/a PITTSBURGH POST-GAZETTE, a
Pennsylvania corporation, NEENA HAGEN, an
individual, MICHAEL KORSH, an individual, and
PITTSBURGH UNION PROGRESS, a
Pennsylvania nonprofit corporation,

        Defendants.

Case No.: 2:24-CV-1700
Hon. Christy Criswell Wiegand

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d), I certify that Plaintiffs' Brief in Opposition to PCBC's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to FRCP 12(B)(6) was served upon all counsel of record via the Court's electronic-filing system.

Dated: May 27, 2025

By: /s/ *Frederick D. Elias*
    Frederick D. Elias, Esq.
    *Admitted Pro Hac Vice*